UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERIN MARRANO, formerly known as
Erin Burnetts,

                Plaintiff,                   **ORDER**
                                              14-CV-2751 (ADS) (SIL)

        -against-

OYSTER BAY ANIMAL HOSPITAL, P.C.,
SURINDER S. WADYAL, DVM, P.C., and
SURINDER S. WADYAL, in his individual
capacity,
                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Raymond Nardo, Esq.**
*Attorney for the Plaintiff*
129 Third Street
Mineola, NY 11501

**Paduano & Weintraub LLP**
*Attorneys for the Defendants*
1251 Avenue Of The Americas, 9th Floor
New York, NY 10020
    By: Meredith Rosen, Esq.
        Lisia Leon, Esq., Of Counsel

**SPATT, District Judge**.

On May 2, 2014, the Plaintiff Erin Marrano, formerly known as Erin Burnett (the "Plaintiff") commenced this action against the Defendants Oyster Bay Animal Hospital, P.C., Surinder S. Wadyal, DVM, P.C., and Surinder S. Wadyal, in his individual capacity (collectively, the "Defendants").

The Plaintiff, formerly employed by the Defendants as a "Veterinary Technician," asserted claims under the 29 U.S.C. § 201, *et seq.* (the "FLSA") and New York Labor Law § 650, *et seq.* (the "NYLL") for failure to compensate him for overtime.

On June 10, 2014, the Defendants filed an answer to the complaint.

On June 22, 2015, the Plaintiff filed a letter advising the Court that the parties had entered into a settlement agreement.

On July 27, 2015, the parties filed a joint motion seeking a court order "approving the parties' Settlement Agreement as fair and reasonable." (See July 27, 2015 Mot. for Approval of Settlement Agreement, Dkt. No. 23.)

This decision concerns the question of whether, in an FLSA case, the Court has the duty to approve a settlement and make a determination as to whether the settlement is "fair and reasonable."

There is no definitive decision as to whether the Court is required to approve the settlement of FLSA overtime claims as "fair and reasonable." The Second Circuit has apparently not addressed the issue, and district courts in this Circuit are divided on whether such an analysis is required under the FLSA.

In resolving this issue, the Court finds the reasoning set forth in Picerni v. Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368, 372 (E.D.N.Y. 2013) to be instructive. There, the plaintiff filed a notice that it had accepted an offer of judgment from the defendant dismissing her FLSA claim. Id. at 369. The court originally declined to enter judgment and instead required the plaintiff to submit a motion for approval of the settlement as fair and reasonable. Id.

However, the court in Picerni *sua sponte* reversed itself, finding that its approval was not required for private FLSA settlements. Id. at 379. The court reasoned that the language of the FLSA does not condition the dismissal of collective or individual actions on court approval, which the court noted "is a strong indication that Congress did not intend it, as it has expressly conditioned dismissals under other statutes upon court approval." Id. at 375.

2

The court in Picerni also pointed to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41, which provides that "subject to . . . federal statute, the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Thus, unless a federal statute states otherwise, Rule 41 gives parties a right to dismiss an action, without court approval of a settlement, by filing a stipulation signed by the parties.

As there is no language in the FLSA requiring court approval, the court in Picerni found that requiring judicial approval of an FLSA settlement would "run[] afoul of Fed. R. Civ. P. 41, which gives the plaintiff, at the early stage of the case, or the parties jointly, at a later stage in the case, free reign to discontinue for any reason." Id. at 372.

The court in Picerni also noted that "in most areas of the law where court approval of pending litigation is required, a court's refusal to grant such approval propels the parties into further negotiations to address the court's concerns [with the settlement]." However, the Court found this was not so in the vast majority of FLSA cases because "[t]hey are simply too small, and the employer's finances too marginal, to have the parties take further action if the Court is not satisfied with the settlement." Id. at 377. Thus, as a practical matter, the court found that "[r]atcheting up the legal process to achieve some Platonic form of the ideal of judicial vindication did not seem necessary to accomplish any purpose under the FLSA." Id.

Based on this reasoning, the court in Picerni vacated its prior order, so-ordered the plaintiff's acceptance of the defendant's offer of judgment, and denied the pending motions for approval of the settlement as moot. Id. at 379.

Some district courts have disagreed with the opinion in Picerni and found that judicial approval of an FLSA settlement is warranted despite the fact that the statute does not expressly require it. For example, the court in Socias v. Vornado Realty L.P., 297 F.R.D. 38, 40–41

3

(E.D.N.Y. 2014) found judicial oversight to be consistent with the FLSA's remedial purpose and necessary to provide employers with an incentive to "engage in meaningful settlement negotiations with employees." It also noted that "[j]udicial oversight of settlements also guards against settlements in which plaintiffs' attorneys keep the lion's share of the proceeds for themselves." Id.; see also Archer v. TNT USA, Inc., 12 F. Supp. 3d 373, 384 (E.D.N.Y. 2014) ("It is well settled in this Circuit that judicial approval of, and public access to, FLSA settlements is required.").

However, this Court respectfully declines to follow the Socias opinion because it finds the reasoning set forth in Picerni to be persuasive. Of particular importance to the Court is the fact that the plain language of the FLSA does not require judicial approval for the settlement of the FLSA claims. While there may be risks that low wage employees will be coerced into settlement by employers or their own counsel seeking attorneys' fees, as the court in Socias stated, the same risks are present in other areas of the law for which court approval is not required for settlement. See Picerni, 925 F. Supp. 2d at 376 ("And while Congress has prohibited the dismissal of certified class actions without judicial scrutiny, *see* Fed. R. Civ. P. 23(e), it has not prohibited individual settlements prior to certification . . . . Thus, the issue we are considering is broader than the FLSA, and if it is perceived of as a problem, it is one for Congress to address.") (citation omitted).

Holding otherwise would waste valuable resources by requiring the Court to, among other things, "examine the bona fides of the dispute," hold a fairness hearing, and write a written order assessing the merits of the settlement agreement. It is understandable why the Congress would require the Court to engage in such a process in the Rule 23 class action context, where a settlement agreement binds absent class members who have not had the opportunity to be heard

4

in court. Cf. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 623, 117 S. Ct. 2231, 2249, 138 L. Ed. 2d 689 (1997) ("The inquiry appropriate under Rule 23(e), on the other hand, protects unnamed class members 'from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise.'") (quoting 7B Wright, Miller, & Kane § 1797, at 340–341).

However, the concern over absent class members is not present in this case where an individual plaintiff is seeking to voluntary dismiss his overtime claim solely on behalf of himself.

The Court notes the obvious fact that great numbers of civil cases of all categories are settled and closed without court supervision or approval. The Court sees no reason why it should depart from that practice with respect to FLSA settlements without express statutory language requiring it to do so.

Accordingly, following the reasoning of Picerni, the Court finds that its approval of the parties' proposed settlement is not necessary and denies their motions for approval of the settlement without prejudice. Instead, the parties may file a voluntary stipulation of dismissal, which the Court will accept upon its filing, without reviewing the merits of the settlement agreement.

**SO ORDERED.**
Dated: Central Islip, New York
August 6, 2015

                                                       /s/ Arthur D. Spatt
                                                     ARTHUR D. SPATT
                                                United States District Judge